J-S72008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NICOLE NEWELL, | |
| Appellant | No. 823 EDA 2017 |

Appeal from the PCRA Order Entered February 15, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1003692-1995

BEFORE: BENDER, P.J.E., MUSMANNO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 09, 2018**

Appellant, Nicole Newell, appeals *pro se* from the post-conviction court's February 15, 2017 order denying, as untimely, her petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On June 18, 1997, Appellant was convicted, following a jury trial, of first-degree murder and related offenses. On June 19, 1997, she was sentenced to a mandatory term of life imprisonment, without the possibility of parole. This Court affirmed Appellant's judgment of sentence on direct appeal, and our Supreme Court denied her subsequent petition for allowance

_____

[*] Former Justice specially assigned to the Superior Court.

of appeal. ***Commonwealth v. Newell***, 731 A.2d 196 (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 740 A.2d 1145 (Pa. 1999).

On March 14, 2000, Appellant filed her first, *pro se* PCRA petition, and counsel was appointed. On September 29, 2000, the PCRA court issued an order denying her petition, and she did not file an appeal from that order. On May 9, 2005, Appellant filed a second, *pro se* PCRA petition, which was denied on November 21, 2005. Again, Appellant did not appeal.

On June 17, 2010, Appellant filed the *pro se* PCRA petition that underlies the present appeal. In the years thereafter, she filed multiple amendments to that petition. For some reason, it was not until August 3, 2016, that the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Although Appellant filed a *pro se* response to the court's Rule 907 notice, the court issued an order, and accompanying opinion, denying her petition on February 15, 2017, reasoning that it was untimely filed.

Appellant filed a timely, *pro se* notice of appeal. It does not appear that the PCRA court ordered her to file a Pa.R.A.P. 1925(b) statement. Herein, Appellant raises three questions for our review:

A. Did Appellant timely file a PCRA and thus it should not have been dismissed as [u]ntimely without an evidentiary hearing on the merits?

B. Was [c]ounsel [i]neffective in his representation of Appellant?

C. Does ***Graham v. Florida***[, 560 U.S. 48 (2010),] and People v. House [(no citation provided)] apply to Appellant's [*sic*] whose culpability is questionable when age, history of abuse,

extreme duress, and diminished capacity are considered according to recent neuroscience in above mentioned cases and additional cases under review?

Appellant's Brief at 5.

This Court's standard of review regarding an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). However, we must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

The trial court imposed Appellant's judgment of sentence in 1997. Therefore, her current PCRA petition filed in 2010 is patently untimely.  **See** 42 Pa.C.S. § 9545(b)(1).  Accordingly, we cannot address the merits of Appellant's issues unless she meets one of the above-stated exceptions to the PCRA's time-bar.

Appellant argues that she has satisfied the retroactive-constitutional-right exception set forth in section 9545(b)(1)(iii), relying on **Miller v. Alabama**, 567 U.S. 460 (2012) (holding that a mandatory sentence of life imprisonment, without the possibility of parole, for those under the age of eighteen at the time of their crimes violates the Eighth Amendment's ban on cruel and unusual punishments), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016) (holding that **Miller** applies retroactively).  Initially, we note that Appellant filed amendments to her current petition within 60 days of both

*Miller* and *Montgomery*, asserting that those decisions entitle her to sentencing relief.  Accordingly, she has satisfied section 9545(b)(2).[1]

Nevertheless, we are compelled to conclude that *Miller's* holding does not apply to Appellant, who was 18 years old at the time of her crimes. *Miller* is expressly applicable only to minors who were *under* the age of 18 when they committed their offenses.  *See Miller*, 567 U.S. at 465 ("We … hold that mandatory [LWOP] *for those under the age of 18 at the time of their crimes* violates the Eighth Amendment's prohibition on cruel and unusual punishments.) (quotation marks omitted, emphasis added).  In reaching this decision, the *Miller* Court reasoned, *inter alia*, that "children have a 'lack of maturity and an underdeveloped sense of responsibility,' leading to recklessness, impulsivity, and heedless risk-taking."  *Id.* at 471 (quoting *Roper v. Simmons*, 543 U.S. 551, 569 (2005)).

Here, while recognizing the holding of *Miller*, Appellant contends that the rationale underlying that holding should also apply to her, as she was only 18 years of age when she committed her crimes.  Appellant maintains that "adolescents from the age of 11 to 25 years of age[] have a less culpable mind set [*sic*], due to psycho-social immaturity development issues, and [they do not] fully develop until the age of 25…."  Appellant's Brief at

---

[1] Specifically, Appellant filed an amended PCRA petition asserting the applicability of *Miller* on August 13, 2012, and another amended petition on March 4, 2016, asserting that *Miller* applies to her retroactively under *Montgomery*.

21.  Appellant argues that, just as with individuals under the age of 18, it constitutes cruel and unusual punishment to subject her to a mandatory sentence of life imprisonment, without the possibility of parole, when there was no consideration of her "mental and emotional development" in assessing her culpability.  ***Id.*** at 29.

Unfortunately for Appellant, this Court has issued two precedential decisions resolving her claims - ***Commonwealth v. Cintora***, 69 A.3d 759 (Pa. Super. 2013), and ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).  In ***Cintora***, which was decided after ***Miller*** but before ***Montgomery***, the petitioners, who were both over the age of 18 at the time they committed their crimes (19 and 22), sought relief in an untimely PCRA petition, arguing that they satisfied the timeliness exception set forth in section 9545(b)(1)(iii) based on ***Miller***.  Consistent with the current scientific consensus that a human brain does not fully mature until a person reaches their mid-twenties, the petitioners in ***Cintora*** argued that they should be entitled to relief under ***Miller*** because they were similarly situated to minors who benefited from the ***Miller*** decision.  We rejected their virtual-minor theory as a basis to invoke section 9545(b)(1)(iii), citing ***Miller's*** express age restriction.  ***Cintora***, 69 A.3d at 764.

In ***Furgess***, the appellant raised a similar argument as that presented in ***Cintora***, but he did so after ***Montgomery's*** ruling rendered retroactive

the right established in **Miller**.[2]  Reconsidering **Cintora** post-**Montgomery**,

the **Furgess** Court determined that:

> [N]othing in **Montgomery** undermines **Cintora's** holding that petitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in [s]ection 9545(b)(1)(iii). Accordingly, **Cintora** remains controlling on this issue, and Appellant's assertion of the time-bar exception at Section 9545(b)(1)(iii) must be rejected.

**Furgess**, 149 A.3d at 94.  **Cintora** and **Furgess** clearly preclude relief for

Appellant.

We also must reject Appellant's argument that it violates the Equal

Protection Clause "to make it unconstitutional to give some adolescents

(adolescents under 18)[] life without the possibility of parole, due to a less

culpable mind set [*sic*], … but not apply [that rule] to all adolescents."

Appellant's Brief at 25.  The timeliness exception set forth in section

9545(b)(1)(iii) explicitly requires an existing decision holding that a specific

right applies retroactively.  While the **Montgomery** decision constitutes such

a ruling with respect **Miller's** Eighth-Amendment based holding, Appellant

has not pointed to any decision by the United States or Pennsylvania

Supreme Courts that has recognized the retroactivity of a similar right

grounded in equal protection.  Therefore, Appellant has failed to satisfy the

---

[2] The **Cintora** Court had alternatively rejected the petitioners' claim on the basis that the **Miller** decision did not apply retroactively.  **Cintora**, 69 A.3d at 764 n.4.

timeliness exception of section 9545(b)(1)(iii), thus divesting this Court of jurisdiction to grant her sentencing relief, or to assess the merits of her ineffective assistance of counsel claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/9/2018